UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NELIDA C.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:18-CV-03071-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 15. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Plaintiff's Motion for Summary Judgment.

## I.      Jurisdiction

Plaintiff protectively filed her applications for Disability Insurance Benefits and Supplemental Security Income on August 27, 2014. AR 44, 254-61. Her amended alleged onset date of disability is March 1, 2013. AR 44, 73-74. Plaintiff's applications were initially denied on February 3, 2015, AR 180-89, and on reconsideration on April 30, 2015, AR 197-203.

A hearing with Administrative Law Judge ("ALJ") Tom L. Morris occurred on February 1, 2017. AR 58-98. On March 27, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 44-52. The Appeals Council denied Plaintiff's request for review on March 9, 2018, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on May 8, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.      Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 47 years old at the amended alleged date of onset. AR 254, 256. She has an education through the seventh grade and a certified nursing assistant certificate and she is able to communicate in English. AR 50, 60, 284. Plaintiff has past work as a certified nursing assistant and a farm worker. AR 50, 310.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from March 1, 2013, through the date of the ALJ's decision. AR 44, 51.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2013 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 46.

**At step two**, the ALJ found Plaintiff had the following severe impairments: other and unspecified arthropathies, spine disorders, and obesity (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 46.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 47.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform light work, with the following exceptions: she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; she can never climb ladders, ropes, or scaffolds; reaching with left upper extremity for overhead and lateral is occasional; she can have frequent left handling; she much avoid concentrated exposure to hazards (e.g., dangerous machinery, unprotected heights,

etc.); and she may be off task about 10% over the course of an eight-hour workday. AR 47.

The ALJ found that Plaintiff is unable to perform any past relevant work. AR 50.

**At step five**, the ALJ found in light of her age, education, work experience, and residual functional capacity, there are additional jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 51. These include bakery worker conveyer line, counter clerk, and furniture rental consultant. AR 51.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the opinion evidence; (3) improperly assessing whether Plaintiff's functioning met or equaled listing 1.02 at step three; and (4) failing to identify specific jobs, available in significant numbers, which Plaintiff could perform despite her limitations.

## VII.   Discussion

**A. The ALJ properly evaluated Plaintiff's subjective complaints.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely

credible. AR 48. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 47-49.

First, the ALJ noted multiple inconsistencies with the medical evidence. AR 129-40. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ also detailed improvement of her impairments with treatment, which is supported. *Smolen*, 80 F.3d at 1284.

Plaintiff alleges completely debilitating physical limitations. However, the record does not support the level of physical difficulties alleged. The record is replete with consistently unremarkable or only mild imaging and examinations, including: only mild spondylosis with no acute bony injury; full normal range of motion in her back; full lumbar stability and strength; normal strength; and benign conditions that are all inconsistent with her allegations of total disability. *See* AR 354-55, 410, 414, 418, 448, 450-51, 473-74, 479, 522, 526, 529, 538, 546, 565, 578. The ALJ further noted, that despite Plaintiff's allegations of severe limitations in her ability to sit and stand, there is almost no evidence of these complaints in the

record. AR 49. A claimant's failure to report symptoms or limitations to treatment providers is a legitimate consideration in determining the credibility of her complaints. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). Additionally, the ALJ noted that Plaintiff's impairments have been improving. AR 49. Additionally, the records show that Plaintiff's knee injury significantly improved in October and November 2016. AR 577, 580. The most recent treatment notes in the record show that by mid December 2016, Plaintiff reported "not having much pain" in her knees, and on physical examination she had only mild left knee pain and in her right knee she had no tenderness or effusion. AR 582. Plaintiff's doctor stated that her knee exam was "benign", and he encouraged her to exercise. AR 583. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

Next, the ALJ found that Plaintiff's allegations of completely disabling limitations are belied by her actual level of activity. AR 48-49. Despite allegations of completely debilitating shoulder pain and a need to stay in bed at least four times a week due to pain, she was still able to do normal work that included reaching overhead and walk and exercise daily. AR 48, 76, 81, 88-89, 323, 549. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning,

they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's actual level of activity contradict her allegations of total disability. This determination is supported by the record.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Weighed the Opinion Evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a

claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987).

Non-medical testimony can never establish a diagnosis or disability absent

corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467

(9th Cir.1996). An ALJ is obligated to give reasons germane to "other source"

testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b.  Dr. Mary Pelicer, M.D., and Dr. Norman Staley, M.D.

Dr. Pelicer is a doctor who examined Plaintiff in October 2014. AR 390-95.

Dr. Pelicer opined that Plaintiff would be limited to sedentary work with postural

and manipulative limitations. *Id*. Dr. Staley is a non-examining doctor who

provided an opinion in October 2014 that similarly limited Plaintiff to sedentary

work with additional limitations. AR 104-06, 114-16. These two opinions are

contradicted by Dr. Staley's January 2015 opinion and the April 2015 opinion of

Dr. Alnoor Virji, both of which were afforded great weight and are consistent with

Plaintiff's assessed residual functional capacity. AR 49, 126-28, 137-39, 161-63,

172-74.

The ALJ did not completely reject Dr. Pelicer's opinion or Dr. Staley's 2014

opinion, but assigned both little weight. AR 49. The ALJ provided multiple reasons

supported by the record for discounting Dr. Gomes' opinion. AR 49-50. The ALJ

found that these two opinions are inconsistent with the overall medical record,

including the two most recent medical opinions, the medical exams and imaging,

and the significant evidence demonstrating that Plaintiff's impairments are improving. *Id*. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The opinioned severe limitations in these two 2014 opinions are inconsistent with the overall record consistently demonstrating unremarkable or only mild imaging and examinations, including: only mild spondylosis with no acute bony injury; full normal range of motion in her back; full lumbar stability and strength; normal strength; benign conditions; no significant shoulder impairment findings in 2015 and 2016; only mild degenerative changes in her left knee and normal right knee findings in 2016; minimal osteoarthritis; and normal range of motion in her upper and lower extremities. *See* AR 354-55, 410, 414, 418, 448, 450-51, 472-74, 477, 479, 522, 526, 529, 538, 546, 565, 578. Additionally, as previously noted, Plaintiff's impairments have been improving, and by mid December 2016, Plaintiff reported "not having much pain" in her knees, on physical examination she had only mild left knee pain and in her right knee she had no tenderness or effusion, and Plaintiff's doctor stated that her knee exam was "benign" and he encouraged her to exercise. AR 49, 582- 83.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of the medical opinion evidence.

### c. Violetta Mendoal

Violetta Mendoal is Plaintiff's daughter who filled out a third-party function report in September 2014. AR 302-09. Ms. Mendoal provided statements similar to Plaintiff's limitations allegations. *Id.* The opinion of Ms. Mendoal falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ afforded little weight to Ms. Mendoal's statements for multiple valid reasons. AR 50. The ALJ notes that Ms. Mendoal's statements mirror those of the Plaintiff and states that Ms. Mendoal's report is given little weight for the same reasons Plaintiff was not found entirely credible. AR 50. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding the ALJ's rejection of a lay witness for the same reasons the ALJ rejected the claimant's

credibility); *See also Molina*, 674 F.3d at 1117. Additionally, the ALJ found that these statements are not consistent with the medical evidence that demonstrates only mild or benign limitations. An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Ms. Mendoal's opinion.

## C. The ALJ Did Not Err in Finding That Plaintiff's Functioning Did Not Meet Listing 1.02.

### a. Legal Standard.

Plaintiff argues that she presumptively is disabled at step three because she meets or exceeds the criteria of Listing 1.02.

A claimant is disabled under Listing 1.02 with major joint dysfunction characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitations of motion or abnormal motion in the affected joints, and

findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints. With: A.) one major peripheral weight-bearing joint resulting in inability to ambulate effectively, or B.) involvement of one major peripheral joint in each upper extremity resulting in an inability to perform fine and gross movements effectively.

The ALJ considered whether Plaintiff's impairments, singly or in combination, met or medically equaled the criteria of any listed impairment under 20 C.F.R. Part 404, Subpart P, app. 1 (the "Listings"), and specifically found that Plaintiff's impairments did not meet or equal the criteria under Listing 1.02. AR 47. Throughout the ALJ's decision the ALJ notes that the objective examinations and imaging demonstrate only very minimal findings including only mild joint degermation and no abnormalities. AR 47-50.

Importantly, the claimant has the burden to present evidence establishing that her impairments meet or equal listed impairments. *Oviatt v. Com'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir.2007); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). To meet a listed impairment, a disability claimant must establish that his condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and

laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526).

Plaintiff essentially contends that she has some evidence of mild or minute limited joint movement and pain and that she is obese and as such this should result in her impairments meeting Listing 1.02. However, Plaintiff has failed to demonstrate that she meets even the interlocutory requirements of major dysfunction of joints characterized by anatomical deformity. The record is replete with support for the ALJ's decision with objective imaging demonstrating very mild joint degeneration and no abnormality, and Plaintiff is unable to point to any medically acceptable evidence to establish the very high bar of meeting or equaling a listed impairment.

Ultimately, substantial evidence supports the ALJ's finding that her impairments did not meet Listing 1.02. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court's review

1    of the record confirms that the ALJ's determination that Plaintiff's impairment

2    does not fall within the scope of Listing 1.02 is supported by substantial evidence.

3    As such, the Court concludes that a finding in Plaintiff's favor is not warranted.

4    **D. The ALJ did not err at step five of the sequential evaluation process.**

5    Plaintiff argues that the ALJ erred the step five finding by failing to identify

6    specific jobs that exist in substantial numbers in the national economy that Plaintiff

7    can perform despite her functional limitations. The Court disagrees. The ALJ

8    specifically stated that all symptoms consistent with the medical evidence were

9    considered in assessing Plaintiff's residual functional capacity. AR 361, 362, 364.

10   Additionally, the ALJ need not specifically include limitations in the hypothetical

11   if they are adequately accounted for in the residual functional capacity. *See Stubbs-*

12   *Danielson*, 539 F.3d 1169, 1173-76 (9th Cir. 2008). The Court will uphold the

13   ALJ's findings when a claimant attempts to restate the argument that the residual

14   functional capacity finding did not account for all limitations. *Id*. at 1175-76.

15   The ALJ properly framed the hypothetical question addressed to the

16   vocational expert. Additionally, the vocational expert identified jobs in the national

17   economy that exist in significant numbers that match Plaintiff's abilities. Thus, the

18   Court finds the ALJ did not err in and the ALJ properly identified jobs that exist in

19   substantial numbers in the national economy that Plaintiff could perform despite

20   her limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

    2. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED.**

    3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

    **DATED** this 27th day of December, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
